# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-10649
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LEROY HOYLE,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-641-1

———————————————————

Before JONES, SOUTHWICK, and HO, *Circuit Judges*.

PER CURIAM:[*]

Leroy Hoyle pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He argues for the first time on appeal that § 922(g)(1) violates the Second Amendment and exceeds Congress's power under the Commerce Clause.

———————————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 23-10649

Because Hoyle did not raise his constitutional arguments in the district court, our review is limited to plain error. *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014). To prevail on plain error review, Hoyle must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009) (citations omitted). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Hoyle's Second Amendment argument is based on *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). However, such a plain error challenge to § 922(g)(1) is unavailing because, given the current state of the caselaw, it is not clear or obvious that § 922(g)(1) is unconstitutional. *See United States v. Jones,* 88 F.4th 571, at 573–74 (5th Cir. 2023).

Last, Hoyle asserts that § 922(g)(1) is unconstitutional because it exceeds Congress's authority under the Commerce Clause. We have consistently upheld the constitutionality of § 922(g)(1) and have labeled this statute "a valid exercise of Congress's authority under the Commerce Clause." *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013).

AFFIRMED.